State of Wisconsin, Plaintiff-Appellant,
v.
Vanessa Brockdorf, Defendant-Respondent.
No. 04-1519-CR.
Court of Appeals of Wisconsin.
Opinion Filed: December 14, 2004.
¶1 WEDEMEYER, P.J.[1]
The State appeals from an order granting Vanessa Brockdorf's motion to suppress her October 3, 2003 statement, wherein she admitted that her earlier statement of September 19, 2003, was incorrect. The State contends that the trial court erroneously exercised its discretion when it granted Brockdorf's motion. Because the October 3, 2003 statement was noncustodial and voluntary, it was admissible; therefore, this court reverses the trial court's order suppressing the statement.

BACKGROUND
¶2 According to the criminal complaint, on September 14, 2003, Milwaukee Police Officer Vanessa Brockdorf and her then-partner, Police Officer Charlie Jones, Jr., were dispatched to a shoplifting complaint at the Kohl's department store on South 27th Street. The two arrested suspect Gilberto Palacios and placed him in the back of their squad car. They then drove to a nearby Noodles restaurant and Brockdorf went into the restaurant to order food for carryout. Jones removed Palacios from the squad car and repeatedly punched him in the face. Several concerned citizens witnessed the incident.
¶3 When Brockdorf returned to the squad car with the food, she noticed Jones was out of breath, his uniform was ripped, and Palacios was highly agitated in the back seat of the squad car. The officers decided that the incident should be reported to a supervisor and agreed to falsely report that the scuffle took place at the Kohl's department store as Palacios was resisting arrest.
¶4 The Milwaukee Police Department, however, initiated a criminal investigation into the incident based on a citizen's complaint about observing the battery at Noodles. Brockdorf gave two statements during the course of the investigation. The first statement was given on September 19, 2003, wherein she repeated the cover-up story, stating that the incident had occurred in the Kohl's parking lot. On October 3, 2003, Brockdorf gave her second statement, wherein she admitted that the incident happened behind the Noodles restaurant as reported by the citizen witnesses.
¶5 Brockdorf was charged with obstructing an officer, in violation of WIS. STAT. § 946.41(1) (2003-04).[2] The charges were based on the September 19, 2003 statement, alleging that Brockdorf knowingly made a false statement to Milwaukee Police Detective Michele Harrison to cover up a battery committed by her then-partner, Jones. Brockdorf filed a motion to suppress the October 3, 2003 statement on the ground that the statement was not voluntary under Garrity v. New Jersey, 385 U.S. 493 (1967) and Oddsen v. Board of Fire and Police Comm'rs, 108 Wis. 2d 143, 321 N.W.2d 161 (1982).[3]
¶6 The trial court granted her motion to suppress. The State now appeals.

DISCUSSION
¶7 The issue in this case is whether the trial court correctly granted Brockdorf's motion seeking to suppress her October 3rd statement. In reviewing a trial court's decision granting a motion to suppress, our standard of review is mixed. State v. Turner, 136 Wis. 2d 333, 343-44, 401 N.W.2d 827 (1987). The trial court's findings of historical or evidentiary fact will not be disturbed on appeal unless they are clearly erroneous. Id. However, questions of law and constitutional fact are reviewed independently. Id. at 344. The same independent standard applies when this court examines whether a statement was made voluntarily. Id.
¶8 The pivotal issue in this case is whether Brockdorf's October 3rd statement was given voluntarily. The State argues that Brockdorf was not threatened with job loss if she exercised her Fifth Amendment right to remain silent. Rather, the only "threat" was that if she did not answer questions, she could be charged with obstruction. Brockdorf admits that she was never told that she would be fired if she refused to answer questions, but that she believed if she was charged with obstruction and caught lying, then she would be fired. The trial court, relying on Garrity, concluded that Brockdorf's statement was coerced because it was made under threat of an obstruction charge and fear of job loss. This court concludes that Brockdorf's statement was not coerced; rather, it was voluntarily made and therefore should not have been excluded.
¶9 This court's conclusion was reached after review of Garrity and Oddsen, both of which are distinguishable from the facts of record here. In Garrity, the Supreme Court held that when a police officer is faced with either self-incrimination or job forfeiture, the resulting statement cannot be considered voluntary. Garrity, 385 U.S. at 496. The facts in this case are distinguishable from Garrity. Brockdorf's free choice to speak out or to remain silent was not compromised. She was not told that she would be fired if she exercised her Fifth Amendment right to remain silent. She was told that she would be charged with obstruction if she refused to answer questions in the criminal investigation. This, however, does not rise to the level of coercive conduct so as to negate the voluntariness of her statement. She was not forced to give a statement nor was she told that she could not invoke her right against self-incrimination.
¶10 Similarly, the facts here are very different from the situation in Oddsen. Oddsen involved questioning of two separate officers, in custody, over a lengthy period of time relating to an "employee investigatory matter." Id., 108 Wis. 2d at 152. Both officers had requested attorneys, but those requests were denied. The female officer was vomiting blood and experiencing severe abdominal pain, but she was not allowed to keep appointments with her personal physician. Id. at 149-51. The male officer had not slept in forty-seven hours. Id. at 152.
¶11 The Oddsen court held that the officers' statements were coerced, based on the following facts: they had been denied legal representation despite their requests; they were told that if they did not answer questions they would lose their jobs; the interrogation conditions were extreme and shockingboth for the length of the custody without providing for basic needs, and because one officer was sleep-deprived and the other officer was denied medical attention. Id. at 157-58. The court held that "when considered in their totality, [the interrogations] were coercive and rendered the statements unreliable, untrustworthy, and involuntary." Id. at 161.
¶12 The instant case is highly distinguishable from the interrogations in Oddsen. Brockdorf's questioning lasted approximately one hour. There is no evidence suggesting that she was sleep-deprived, suffering from a serious medical condition, or denied basic needs. Moreover, there is nothing in this record to support a claim that Brockdorf's statement was unreliable or untrustworthy. The police department was conducting an investigation prompted by Palacios's claim of excessive force and citizen complaints of seeing Jones batter Palacios for apparently no reason. Brockdorf's first false statement conflicted with citizens' statements. The police investigators were attempting to question Brockdorf in that regard. They did not tell her that if she exercised her Fifth Amendment rights she would be fired from her job. This case simply does not rise to the same levels of coercion present in either Garrity or Oddsen, and therefore is not controlled by the holdings therein.
¶13 An independent review of the facts in the instant case demonstrate that Brockdorf's October 3rd statement was not forced or compelled. Rather, she made a voluntary statement during a routine police interview. She was not threatened to speak or be fired and there is nothing in the record to suggest that she was sleep-deprived, suffering physically, or denied basic needs. There is nothing to convince this court that the police engaged in improper practices to compel a confession. Accordingly, based on the foregoing, this court holds that the trial court erroneously suppressed the October 3 statement. This court reverses that decision and remands the matter for further proceedings.[4]
Order reversed and cause remanded.
NOTES
[1] This appeal is decided by one judge pursuant to WIS. STAT. § 752.31(2) (2003-04).
[2] All references to the Wisconsin Statutes are to the 2003-04 version unless otherwise noted.
[3] Brockdorf conceded that her first statement was untruthful and therefore, not excludable under Herek v. Police & Fire Comm'n, 226 Wis. 2d 504, 595 N.W.2d 113 (1999).
[4] The State provides an analysis under Miranda v. Arizona, 384 U.S. 436 (1966). However, it is undisputed that Brockdorf was not in custody at the time she made the October 3rd statement. Accordingly, this court need not engage in a Miranda examination. See State v. Clappes, 117 Wis. 2d 277, 285, 344 N.W.2d 141 (1984).